BAKER LESHKO SALINE & BLOSSER, LLP
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601-1712
Mitchell J. Baker (MB-4339)
914.681.9500
mbaker@bakerleshko.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN SHEELEY,<br><br>Plaintiff,<br><br>-against-<br><br>WOLVERINE WOLRD WIDE, INC.,<br><br>Defendant. | 15 Civ. 5857 (KWK) (LMS)<br><br><br>**AFFIDAVIT IN SUPPORT OF MOTION TO PRECLUDE** |

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

MITCHELL J. BAKER, being duly sworn, deposes and says:

1. I am counsel to John Sheeley, the within plaintiff, and I submit this affidavit in support of the instant application of plaintiff to strike the answer of the defendant and/or preclude defendant from submitting any evidence in defense of the within claim.

2. This is diversity products liability action wherein Mr. Sheeley asserts that certain shoes that were manufactured by defendant and worn by him disintegrated, causing

1

him to slip and fall. The injuries that Mr. Sheeley suffered are career ending. (A copy of the Complaint is annexed hereto as Exhibit "A"; a copy of the Answer is annexed hereto as Exhibit "B").

3. At the very inception of this action, counsel for the defendant called me, and I agreed that he could examine the subject shoes and take pictures of the same for his client's review.

4. At the subsequent meeting to take the pictures, I advised counsel that the soles of the subject shoes simply disintegrated which caused the injures.

5. Subsequently, on November 12, 2015, I served upon the defendant my client's First Request for the Production of Documents to Defendant. (A copy of this First Request for the Production of Documents to Defendant, dated November 12, 2015, is annexed hereto as Exhibit "C").

6. Judge Karas, who is the Judge assigned to this case, scheduled a conference in the matter and on January 5, 2016 Judge Karas executed the Case Management and Scheduling Order. (A copy of the Case Management and Scheduling Order, dated January 5, 2016, is annexed hereto as Exhibit "D").

7. The Case Management and Scheduling Order clearly provides initial requests for the production of documents are to be served by January 15, 2016, and that all fact discovery was to be completed by May 4, 2016.

8. On January 13, 2016 I received a letter from counsel to defendant who advised me that they had not received our initial requests for the production of documents in November, 2015. Counsel however indicated that he had received them as of January

13, 2016. (A copy of the letter of Michael D. Shaloub, Esq., dated January 13, 2016, is annexed hereto as Exhibit "E").

9. In any event, on January 21, 2016, I sent counsel another copy of the initial requests for the production of documents, dated November 12, 2015. (A copy of my cover letter, dated January 21, 2016, is annexed hereto as Exhibit "F").

10. Accordingly, giving defendant all benefit of the doubt, responses to our request for documents should have been served on or about February 21, 2016.

11. The matter was subsequently assigned to your Honor, and on February 17, 2016, a conference with counsel was had before your Honor. (A copy of the Docket Sheet in this matter is annexed hereto as Exhibit "G").

12. Needless to say, the date on which defendant's response to our discovery was due, on or about February 21, 2016, came and went without any discovery responses being served.

13. On March 11, 2016, I emailed opposing counsel, and I asked him "Any luck on your documents responses? We are starting to get tight on the discovery schedule, and we have to report back to the Magistrate this week". (A copy of the email is annexed hereto as Exhibit "H").

14. On March 16, 2016, I again wrote to opposing counsel and stated: "I still have not received any documents from you. I do not want to be difficult, but I will have to tell the Magistrate that I have not received anything. Remember we are under deadlines from Judge Karas, the Magistrate can not change the dates." (A copy of this email is annexed hereto as Exhibit "I").

15. On March 17, 2016, a telephone conference was had with your Honor. When asked if I had received defendant's document requests, I answered that I had not. Your Honor then advised counsel to defendant that plaintiff was entitled to bring a motion to preclude, but instead advised counsel to the defendant to respond to plaintiff's document demands.

16. Defendant produced its first response to plaintiff's request dated March 31, 2016. The documents produced were: (1) a quality check certification from the Department of Navy, dated May 23, 2001; (2) a 1998 product catalogue; and (3) photographs taken by defendant of the subject shoes. The vast majority of responses indicated that the documents would be included in a supplemental response. At a later date, the defendant produced a video from a local news station of the event at which Mr. Sheeley was injured. (A copy of this discovery response is annexed hereto as Exhibit "J").

17. After this letter wrote opposing counsel to clarify the request, defendant produced its first supplemental response dated April 14, 2106. The documents produced were: (1) a "Spec Sheet"; (2) a product description; (3) a "Return Analysis," providing evidence of one return; and (4) a commercial general liability declaration page. (A copy of this response is annexed hereto as Exhibit "K").

18. On April 26, 2016, this Court held a conference at which the Court again extended defendant's time to respond until May 9, 2016. At that conference, this Court granted plaintiff advance permission to make the instant motion if defendant failed to respond to plaintiff's demands by May 9, 2016.

19. On May 9, 2016, defendant sent an email that evening stating, "I will have the Responses for you early tomorrow... I actually expect to have a few supplemental responses over to you as the week goes on as well." (A copy of this email is annexed hereto as Exhibit "L").

20. Two days later, on May 11 at 4:37 p.m., defendant e-mailed its response. The response included no additional documents, but instead merely indicated that it would include responsive documents under a separate cover. (A copy of this email is annexed hereto as Exhibit "M").

\* \* \*

21. What makes this matter so frustrating is that plaintiff has requested information from defendant, much of which plaintiff knows exists as it is evident from researching the matter on the web.

22. For instance, in document request number 15, plaintiff requests, "all documents containing or referring to complaints, claims or concerns about the subject device, whether from consumers, distributors, retailers, employees, or any other source whatsoever." See Exhibit "C".

23. The only response to this request is contained in Exhibit "C" to defendant's original response which consists of one complaint made in 2014. See Exhibit "J".

24. However, even a cursory review of the web reveals that defendant has received complaints about these shoes but is apparently unwilling to share these complaints with plaintiff.

25. For instance, annexed hereto as Exhibit "N" is a section of the web site of Bates Footwear entitled "Rating and Reviews". In both the reviews of the shoes, both consumer complain about the soles disintegrating. Indeed, one consumer even mentioned that the warning label of the shoes (as of April, 2012, warned the consumer of disintegrating shoe soles.

26. Simply, defendant has much information to assist Mr. Sheeley in the prosecution of this case, but defendant is unwilling to share the information despite requested requests and admonishments and Orders of this Court.

27. It is submitted that the remedy of preclusion is warranted herein.

_____
MITCHELL J. BAKER

Sworn to before me this 16th
day of May, 2016

_____
Notary Public

BARRY R STRUTT
Notary Public, State of New York
No. 1972621
Qualified in Westchester County
Commission Expires Oct 1, 2018